IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAN MICHAEL BROWN,<br>§ Plaintiff, | § § § | |
| v. | § | CIVIL CASE NO. 3:18-CV-1706-D-BK |
| | § § | |
| PRESIDENT OBAMA, et al.,<br>§ Defendants. | § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. For the reasons stated here, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

I. BACKGROUND

On June 29, 2018, Plaintiff, a pro se litigant residing in Florida, filed a *Complaint* on the court's form, naming as defendants President Obama and the Government of Texas. Doc. 3. The handwritten complaint is difficult to decipher and the allegations are nonsensical. By way of example, Plaintiff avers that President Obama wrote a book about the "culture of corruption" and that "he wants [Plaintiff] to kill anybody" because "he hate [sic] america." Doc. 3 at 1-2. In his motion to proceed *in forma pauperis*, Plaintiff avers that he is retired, and he accuses President Obama and the State of Florida of stealing money from his bank account. Doc. 4 at 1. Along with the complaint, Plaintiff also filed a motion to appoint counsel, in which he asserts that he "can't get any help. They have me living in woods." Doc. 5 at 1.

## II. ANALYSIS

An *in forma pauperis* complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Plaintiff's contentions are legally and factually frivolous, lack an arguable legal basis, and are wholly baseless and unsupported. *See Denton*, 504 U.S. at 33. Moreover, the allegations appear irrational and not credible. As such, this case should be dismissed with prejudice as frivolous.

## III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when plaintiff "has already pleaded his 'best

case.'"  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  For the reasons outlined herein, Plaintiff's claims are fatally infirm.  Thus, granting leave to amend would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED**, August 24, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE